IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

AYMAN ABDELLATIF
MOHAMMED ABDELLATIF,

Defendants.

**DECISION AND ORDER**

09-CR-00097(A)(M)

---

This case was referred to me by Hon. Richard J. Arcara for supervision of all pretrial matters [65].[1] Oral argument of defendants' pretrial motions [51 and 52] was held before me on July 28, 2009. At that time, defendants advised that the only aspects of their motions that were not rendered moot by the government's response were their requests for bills of particulars and informant identity. For the following reasons, I order that defendants' pretrial motions be DENIED and that the government's cross-motion for reciprocal discovery [56, pp. 22-23] be GRANTED.

## BACKGROUND

Defendants were initially charged in a criminal complaint with conspiring to import 14.89 pounds of marijuana, which was secreted in the cooperating defendant's vehicle, into the United States at the Rainbow Bridge Port of Entry in Niagara Falls, New York on August 7, 2008, in violation of 21 U.S.C. §§963 and 846. August 14, 2008 Complaint [1]. The complaint alleged that the cooperating defendant admitted to smuggling marijuana into the United States from Canada for defendant Ayman Abdellatif on this and other occasions during the past 3 years. Scarpino Affidavit [1], ¶5.

---

[1] Bracketed references are to CM/ECF docket entries.

On March 17, 2009, defendants were indicted on one count of conspiracy to import into the United States from Canada, 100 kilograms or more of marijuana from approximately January 2006 through August 8, 2008, in violation of 21 U.S.C. §963. Indictment [40].

**ANALYSIS**

**A.    Defendants' Motions**

    **1.    Motions for Informant Identities**

Defendants seek the names, addresses and criminal records of all informants utilized by the government in its investigation of this case. Eoannou Affirmation [51], ¶¶64-66; St. Ledger-Roty Affidavit [52-2], p. 24. In response, the government argues that defendant have not made a sufficient showing to establish that the informant's testimony is significant to determining the defendant's guilt or innocence. Government's Response [56], pp. 7-8.

In general, the government may withhold from disclosure the identity of individuals who inform law enforcement officers of violations of the law. *See* Roviaro v. United States, 353 U.S. 53, 59 (1957); United States v. Jackson, 345 F. 3d 59, 69 (2d Cir. 2003), cert. denied, 541 U.S. 956 (2004). Defendant bears the burden of making "'a specific showing that disclosure was both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case'". United States v. Bejasa, 904 F. 2d 137, 139 -140 (2d Cir.), cert. denied, 498 U.S. 921 (1990).

Disclosure of a confidential informant's identity is an "extraordinary remedy". United States v. Muyet, 945 F. Supp. 586, 602 (S.D.N.Y. 1996). "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden;

instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." United States v. Fields, 113 F. 3d 313, 324 (2d Cir.), cert. denied, 522 U.S. 976 (1997).

"A confidential informant's identity or the contents of an informant's communication must therefore be disclosed if such information is 'relevant or helpful' to an accused's defense at trial, particularly in relation to a potential entrapment defense or a defendant's knowledge of the character of the contraband." United States v. Yarborough, 2007 WL 962926, *5 (W.D.N.Y. 2007) (Foschio, M.J.) (quoting Rovario v. United States, 353 U.S. 53, 60-61 (1957)). "Furthermore, even where a Defendant makes such a showing, 'disclosure of [a] confidential informant's identity is not required if the Government will call the informant as a witness at trial.'" United States v. Paredes-Cordova, 2009 WL 1585776, *3 (S.D.N.Y. 2009).

Defendant Ayman Abdeallatif argues "[u]pon information and belief, the defense is aware of the informant's name; however defense is requesting" the informant's criminal records, promises, consideration or compensation given to the informant, identification of the informant's prior testimony, and the informant's psychiatric treatment and narcotic habits. St. Ledger-Roty Affidavit [52-2], p. 24. However, other than general assertions of need, defendants have not articulated any specific reasons for why such disclosure of any information relative to the informant is necessary.

As stated by the government, "any issues will be properly addressed through the Brady and Jencks Act material which will be provided to defendant in the future." Government's

Response [56], p. 8[2]. See United States v. Souza, 2008 WL 753736, *14 (E.D.N.Y. 2008) ("Should the government call informants to testify, the government must provide Jencks Act materials and impeachment disclosures for them as required."). Therefore, I find that defendants have not established their entitlement to the informant identities, and this aspect of their motions is denied.

2.  **Motions for Bills of Particulars**

Defendants move for bills of particulars "to prepare for trial [,] prevent unfair surprise at the time of trial [,] to preclude successive prosecutions [,] and . . . to determine whether certain defenses are available." St. Ledger-Roty Affidavit [52-2], p. 3; Eoannou Affirmation [51], ¶¶4-5. They seek various particularization, including the identities of the indicted and unindicted co-conspirators, witnesses to the alleged overt acts, the dates the conspiracy began and concluded, the date each defendant joined the conspiracy, the location within the United States to which the marijuana was imported, and the dates and quantities of marijuana imported. Id.

In response, the government argues that the criminal complaint, coupled with the information it has disclosed to defendants - including CD's of all of the recorded conversations, reports of investigation, lab reports, and the relatively straightforward nature of the charges

---

[2] The government represents that it will provide "impeachment Brady material (i.e., promises of leniency or immunity agreements with government witnesses, plea and/or non-prosecution agreements and letters or memoranda of understanding regarding such, criminal arrest records or prosecution witnesses, prior statements, any payments to witnesses or family members thereof, and all other promises or considerations given by government personnel to government witnesses or family members thereof)". Government's Response [56], p. 11.

against defendants - undermine the need for further particularization. Government's Response [56], pp. 2-7.

"It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged." United States v. Sylvia, 2009 WL 778105, *1 (W.D.N.Y. 2009) (Schroeder, M.J.) (citing United States v. Salazar, 485 F. 2d 1272, 1277-78 (2d Cir. 1973), cert. denied, 415 U.S. 985 (1974). "A bill of particulars serves to 'apprise a defendant of the nature of the charges against him, so that he can adequately prepare a defense, avoid prejudicial surprise at trial, and plead double jeopardy in that or any subsequent related action.'" United States v. Walker, 922 F. Supp. 732, 738 (N.D.N.Y. 1996). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F. 2d 1141, 1148 (2d Cir. 1984).

"The Government is not obligated to 'preview its case or expose its legal theory'. . . nor must it disclose the precise 'manner in which the crime charged is alleged to have been committed,'" United States v. Hong, 545 F. Supp. 2d 281, 287-288 (W.D.N.Y. 2008) (Scott, M.J.) (citing United States v. Davidoff, 845 F. 2d 1151 (2d Cir.1988)). "Notwithstanding the above, there is a special concern for particularization in conspiracy cases." Id. at 288.

"To warrant a bill of particulars, the indictment's charges against a defendant must be so general that they fail to advise him or her of the specific acts of which they are accused. . . . In determining that question, the court may consider whether the information sought by the defendant has been made available in alternative forms, such as in discovery or prior court proceedings." United States v. De La Rosa, 2008 WL 2595173, *5 (W.D.N.Y. 2008)

(Payson, M.J.), Report and Recommendation Adopted, 2008 WL 2595171 (W.D.N.Y. 2008) (Larimer, J.).

The indictment against defendants merely tracks the language of the statute in alleging a conspiracy from approximately January 2006 through August 2008. Indictment [40]. While the indictment alone would entitle defendants to a bill of particulars, the government has provided defendants with various discovery, which sufficiently advises defendants of the charges against them. At oral argument I directed the government to provide me with the reports of investigation produced to defendants. These reports disclose a significant amount of detail about the investigation that led to defendants' arrests, including the August 7, 2008 seizure discussed in the complaint, the names of other individuals involved in the alleged conspiracy to import marijuana, the number of times marijuana was smuggled into the United States, and the method and locations of importation.

I am mindful that "a bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge". United States v. Barnes, 158 F. 3d 662, 666 (2d Cir.1998). However, this is not a complex conspiracy.

At oral argument, defendant Ayman Abdellatif relied heavily on United States v. Bortnovsky, 820 F.2d 572 (2d Cir.1987). This reliance is misplaced. In Bortnovsky, the defendants were charged with submitting false claims for burglarly losses. 820 F. 2d at 574. The indictment did not specify the dates of the staged burglaries or enumerate which of the documents were falsified. Id. Following the return of the indictment, approximately 4,000 documents were produced to the defendant. Id.

Although only four burglaries were alleged to have been fabricated and three documents to be falsified, at trial, the government introduced evidence of twelve burglaries and numerous documents. The Second Circuit found that the defendants "were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information: the dates of the fake burglaries and the identity of the three fraudulent documents. Appellants were forced to explain the events surrounding eight actual burglaries and to confront numerous documents unrelated to the charges pending. In effect, the burden of proof impermissibly was shifted to appellants. . . . The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged." Id. at 574-575.

Unlike in Bortnovsky, supra, here there is no claim by defendants that the government has produced a large volume of discovery masking their allegedly unlawful conduct and inhibiting their preparation for trial. From my review of the investigative reports produced to defendants and the prior criminal complaint, it is evident what conduct the government is prosecuting so as to prevent surprise at trial.

Moreover, "many of the particulars sought by defendants are . . . not of the type to which defendants are entitled. 'As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars.'" United States v. Nicolo, 523 F. Supp. 2d 303, 316 (W.D.N.Y. 2007) (Larimer, J.). See United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd, 875 F. 2d 857 (2d Cir. 1989), cert. denied, 493 U.S. 834 (1989) ("As a general rule, the defendant does not 'need' detailed evidence about the conspiracy

in order to prepare for trial properly. It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts."); United States v. Kenny, 883 F. Supp. 869, 880 (E.D.N.Y. 1995)("As a general rule, a defendant is not entitled to detailed evidence about a conspiracy to properly prepare for trial.").

"More specifically, details regarding the date on which the conspiracy was formed, or when each participant entered into the conspiracy need not be revealed before trial.'" Nicolo, supra, 523 F. Supp.2d at 316. *See* United States v. James, 2007 WL 914242, at *26 (E.D.N.Y. 2007) ("the government need not specify when a particular defendant joined the conspiracy, nor is it required to specify what role each defendant played in the conspiracy."); United States v. Jimenez, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) ("The defendants also request the 'whens' 'wheres' and 'with whoms' of acts and participation in the charged conspiracy. Pretrial motions for such information are routinely denied."). "It is [also] well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts." Feola, supra, 651 F. Supp. at 1132; Jimenez, supra, 824 F.Supp. at 363 ("disclosure of all the overt acts in furtherance of the conspiracy . . . , is not properly the function of a bill of particulars.").[3]

---

[3] *Compare with* United States v. Wilson, 493 F. Supp. 2d 364, 374 (E.D.N.Y. 2006) ("because the conspiracy provision of the Controlled Substances Act, 21 U.S.C. §846, does not require an indictment to list any overt acts taken in furtherance of the conspiracy, '[a] bill of particulars is all the more important in a narcotics conspiracy case because the indictment itself provides so little detail.'").

Additionally, "courts have been highly reluctant to require a Bill of Particulars when a defendant has asked for specific identities of co-conspirators or others allegedly involved. So long as an indictment and discovery sufficiently enable a defendant to avoid surprise and prepare for trial, a Bill of Particulars is not warranted." United States v. Clarke, 2006 WL 3615111, at *7 (S.D.N.Y. 2006) (citing United States v. Torres, 901 F. 2d 205, 233-234 (2d Cir. 1990), cert. denied, 498 U.S. 906 (1990). See United States v. Batista, 2009 WL 910357, *10 (E.D.N.Y. 2009) ("The case law in this circuit is clear that the government is not required to provide the identities of alleged co-conspirators."); United States v. Follieri, 2009 WL 529544, *1 (S.D.N.Y. 2009) ("There is no automatic right even for a criminal defendant to require the Government to provide a list of unindicted co-conspirators, and the defendant must make a sufficient showing."). *Compare with* United States v. James, 2007 WL 914242, at *15 (E.D.N.Y. 2007) ("Courts have required the government to provide a list of any unindicted co-conspirators . . . if the government intends to introduce evidence about those individuals at trial").

Here, defendants have been provided with discovery that identifies other unindicted individuals who allegedly participated in the conspiracy. Furthermore, the alleged conspiracy, albeit extensive, is not complex. Under these circumstances, I find that disclosure of the unindicted co-conspirators is unwarranted. *See* United States v. Solomonyan, 451 F. Supp. 2d 626, 642 (S.D.N.Y. 2006) ("While there are a large number of identified coconspirators, the conspiracies alleged are not themselves complex. Thus defendants do not have the need, as compared, say, to defendants in an intricate fraud conspiracy, to identify unnamed coconspirators in order to piece together the nature of the charges against them.").

In sum, I find that the Indictment, particularly when coupled with the discovery exchanged, provides defendants with sufficient detail to prepare their defenses and to avoid prejudicial surprise at trial. Accordingly, defendants' motions for bills of particulars are DENIED.

B.  **Government's Cross-Motion**

1.  **Reciprocal Discovery**

The government moves for reciprocal discovery pursuant to Rule 16(b). Government's Response [56], pp. 22-23. Defendants have not opposed this request. Therefore, the government's motion is granted. "Defendant shall provide such discovery, if any, not later than 30 days prior to trial or such other date as the District Judge may direct." United States v. Sikut, 488 F. Supp. 2d 291, 304 -305 (W.D.N.Y. 2007) (Foschio, M.J./Arcara, J.).

## CONCLUSION

For these reasons, defendants' motions [51 and 52] are DENIED and the government's cross-motion for reciprocal discovery [56] is GRANTED.

Dated: August 24, 2009

JEREMIAH J. MCCARTHY
United States Magistrate Judge